## Leonard v. Horlacher & Company et al.

*J. Y. Scott*, for claimant; *Samuel S. Herman*, contra.

FERGUSON, P. J., April 9, 1929.—This is an appeal from the Workmen's Compensation Board. A claim for compensation was made on behalf of

Joseph Leonard, brother of Thomas Leonard, deceased. The referee found that claimant, a minor, was to some extent dependent upon his brother, and by stipulation filed it was agreed that the brother did not stand *in loco parentis* to claimant and claimant was not a member of his household. Compensation was awarded at the rate of $3 per week from Nov. 22, 1927, until May 8, 1935, upon which latter date claimant will have attained the age of sixteen years, making a period of 389 weeks and one day.

An appeal having been taken to the Compensation Board, the award of the referee was affirmed.

The sole controversy in this case is whether or not claimant should receive compensation for 300 or 389 weeks. In other words, should the compensation continue from the end of the period of 300 weeks until the time he attains the age of sixteen years?

We are of opinion that compensation can be allowed only for a period of 300 weeks.

The intention of the legislature, as expressed in section 307 of the Workmen's Compensation Act, is clear. In the case of death, if there be no widow, children shall be entitled to compensation. A child may be a descendant, a stepchild or an adopted child, or one to whom the deceased stood *in loco parentis* if a member of decedent's household. If there be no children nor parents, then a brother or sister is entitled if to any extent dependent on decedent. Whether a child or brother, the compensation is allowed only if and while the child or brother is under the age of sixteen. It is a distorted construction to hold this to mean that compensation is to be paid until the beneficiary is sixteen years old. This clause of the act has no relation to the time during which payments are to continue. It refers rather to the period in life in which a claim for compensation may be made.

Later in the section appears the provision as to the time during which compensation shall run. It there appears that, with respect to all beneficiaries, and this naturally would include a widow, parent, child or brother, the compensation shall be paid for 300 weeks, with the special provision as to children that it shall continue after said period until the child is sixteen years of age. The act declares what is meant by the word "children." The claimant cannot be said to be in that class. It follows that he is entitled to compensation only for the period of 300 weeks.